UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| RICKY TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 13-2216-STA-dkv |
| | ) | |
| MEGAN BRENNAN, | ) | |
| POSTMASTER GENERAL of the U.S. | ) | |
| Postal Service, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**

Before the Court is the Plaintiff's Motion for Award of Attorney's Fees, Costs, and Expenses, filed July 14, 2015. (ECF No. 85). The Plaintiff's two attorneys seek a total of $214,850.00, which represents $250.00 for 859.4 reasonable hours worked on the case. After the Defendant failed to timely respond, the Court ordered the Defendant to respond, and the Defendant filed its response in opposition on July 31, 2015. (ECF No. 88). For the reasons set forth below, the Plaintiff's Motion is **GRANTED**.

The Plaintiff complied with Local Rule 54.1 in submitting "a memorandum setting forth the authority of the Court to make such an award, why the movant should be considered the prevailing party, . . . and any other factors that the Court should consider."[1] Furthermore, the Motion is supported by "a declaration of counsel setting out in detail the number of hours spent on each aspect of the case, and the rate customarily charged by counsel for such work," as well a declaration from another attorney in the community "setting out the prevailing rate charged in

---

[1] W.D. Tenn. Civ. R. 54.1(b).

1

the community for similar services."[2]

The Defendant does not challenge the availability of attorney's fees as provided under 42 U.S.C. § 2000e-5(k). Instead, the Defendant challenges the reasonableness of the Plaintiff's requested amount on two bases: (1) $250 is not a reasonable hourly rate; and (2) counsel for the Plaintiffs spent an unreasonable amount of time on the case. Thus, the Defendant submits that the Court should subtract 111.3 hours from the total hours stated by the Plaintiff or, in the alternative, reduce the hourly rate by $250.00. Both arguments are unavailing.

First, "'[t]he primary concern in an attorney fee case is that the fee award be reasonable,' that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers."[3] The Court must determine "the fee applicant's 'lodestar,' which is the proven number of hours reasonably expended on the case by an attorney, multiplied by his court-ascertained reasonable hourly rate."[4] A trial court may consider twelve factors in evaluating the reasonableness of the lodestar:

> (1) The time and labor required;
> (2) The novelty and difficulty of the questions;
> (3) The skill requisite to perform the legal service properly;
> (4) The preclusion of other employment by the attorney due to acceptance of the case;
> (5) The customary fee for similar work in the community;
> (6) Whether the fee is fixed or contingent;
> (7) Time limitations imposed by the client or the circumstances;
> (8) The amount involved and the results obtained;
> (9) The experience, reputation, and ability of the attorneys;
> (10)  The "undesirability" of the case;
> (11)  The nature and length of the professional relationship with the client;

---

[2] W.D. Tenn. Civ. R. 54.1(b)(1)–(2).

[3] *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)).

[4] *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

(12) Awards in similar cases.[5]

The attorneys for the Defendant seek $214,850.00 in attorney's fees, calculated at $250.00 per hour for 859.4 hours worked. Counsel states that they actually worked 953.9 hours, but they subtracted 94.5 of those hours as duplicative, unreasonable, or clerical. The burden is on the party seeking attorney's fees to prove the number of hours worked and the hourly rate claimed.[6]

The Defendant's primary opposition is that Plaintiff's attorneys lacked experience handling employment-law cases and thus had to undertake substantial research that a more experienced employment-law attorney would not have required. But the billed tasks detailed in the Plaintiff's supporting documentation show that the research was not excessive under the circumstances, and the Plaintiff's two attorneys diligently excluded duplicative research and clerical tasks from the fee requested. Second, while the Defendant offers a brief opinion of what is a reasonable fee, the Plaintiff has offered the declarations of two attorneys in the community affirming that a $250.00 hourly rate is reasonable and appropriate in the community and in this case. The Defendant's argument that neither attorney is experienced in employment litigation against a government agency, rather than a private employer, is not persuasive. The Court finds that the rate is reasonable in light of the rates that lawyers of comparable skill and experience command in the Memphis area.

Most importantly, Plaintiff's counsel successfully litigated a lengthy case that involved what the Defendant conceded was a "voluminous" amount of discovery. They obtained an award for $125,000 in compensatory damages and back pay and reinstatement as restitution. The case did not end after trial; instead, the Plaintiff's attorneys spent numerous hours

---

[5] *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

[6] *Hensley*, 461 U.S. at 433.

attempting to obtain from the Defendant the relevant information to make a calculation of back pay after the Court awarded it. In some instances, counsel for the Plaintiff had to pursue the information without prompt cooperation from the Defendant. Discovery and information regarding the back-pay calculation came from a variety of sources and required a substantial amount of time to review and analyze. The amount of hours worked is reasonable under the circumstances of this case.

For these reasons, the Plaintiff's Motion for an Award of Attorney's Fees and Costs is **GRANTED**. The Plaintiff is awarded $214,850.00 in attorney's fees. The Defendant does not challenge the bill of costs filed by the Plaintiff. Therefore, the Court taxes costs in favor of the Plaintiff and against the Defendant in the amount of $2,223.00.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
HON. S. THOMAS ANDERSON
UNITED STATES DISTRICT COURT

Date: August 5, 2015.